NO. 07-03-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 29, 2003

______________________________

SHAWN O’CONNELL LEWIS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,391-E; HON. RICHARD DAMBOLD, PRESIDING

_______________________________

Before QUINN, REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND

Appellant Shawn O’Connell Lewis appeals his conviction for the offense of driving while intoxicated.  The clerk’s record is due in this cause, and an extension of the applicable deadline was sought.  To justify the extension, the clerk represented that appellant failed to pay or make arrangements to pay for the record.  Nothing of record appears showing whether the appellant is indigent and entitled to a free record. 

Accordingly, we now abate this appeal and remand the cause to the 108th District Court of Potter County (trial court) for further proceedings.  Upon remand, the trial court shall  immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

1.  whether appellant desires to prosecute the appeal; 

      2.  whether appellant is indigent; and

3. whether the appellant is entitled to a free appellate record and to appointed counsel on appeal due to his indigency.

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall then file the supplemental record with the clerk of this court on or before October 29, 2003.  Should further time be needed by the trial court to perform these tasks, then same must be requested before October 29, 2003.  Finally, should it be determined that appellant desires to prosecute this appeal, is indigent, and is entitled to appointed counsel but has none, then the trial court shall appoint counsel to appellant.  The name, address phone number and state bar number of the attorney appointed, if any, shall be included in the trial court’s findings of fact and conclusions of law.  

It is so ordered. 

                                                                             Per Curiam 

 

Do not publish.